**WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP**
Evan D. Smiley, State Bar No. 161812
Reem J. Bello, State Bar No. 198840
Kyra E. Andrassy, State Bar No. 207959
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
Telephone: 714-966-1000
Facsimile: 714-966-1002

Proposed Insolvency Counsel for RSM BFS
Partners, a California limited partnership,
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>RSM BFS Partners, a California limited partnership,<br><br>　　　　　Debtor and<br>　　　　　Debtor-in-Possession.<br><br>____ Affects BRECKENRIDGE FOOD SYSTEMS, INC. Only<br>____ Affects RIVER KING, L.P. Only<br>____ Affects RIVER KING, LLC Only<br>____ Affects RSM BFS PARTNERS Only<br>_X_ Affects All Debtors. | Case No. 8:08-bk-17771 TA<br><br>Chapter 11 Case<br><br>(Jointly Administered with Case Nos. 8:08-bk-17773 TA, 8:08-bk-17774 TA and 8:08-bk-17777 TA)<br><br>**DEBTORS' EMERGENCY MOTION TO LIMIT NOTICE OF CERTAIN MATTERS REQUIRING NOTICE TO CREDITORS PURSUANT TO RULES 2002 AND 9007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declaration of John D. Gantes Filed Concurrently Herewith] |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, CREDITORS AND THE OFFICE OF THE U.S. TRUSTEE:**

　　　　RSM BFS Partners, a California limited partnership ("RSM"), Breckenridge Food Systems, Inc., a California corporation ("Breckenridge"), River King, L.P., a California limited partnership ("River King, L.P.") and River King, LLC, a California limited liability company ("River King, LLC"), the jointly administered debtors and debtors-in-possession in the above Chapter 11 proceedings (collectively, the "Debtors"), hereby move the Court

1

EMERGENCY MOTION RE
LIMITING NOTICE

275798.1

on a emergency basis, pursuant to the provisions of Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), for an order authorizing Debtors to limit notice of certain matters requiring notice to creditors.

Good cause exists in Debtors' cases to limit the service of notice to creditors as RSM, Breckenridge, River King, L.P. and River King, LLC each have approximately 300+ creditors, respectively, in these cases. Requiring Debtors to serve all of the creditors with notice of all proceedings in these cases would be administratively burdensome and unduly expensive.

Debtors believe that, under the circumstances of these cases, notices should be served upon only the following entities:

1. The Office of the United States Trustee;
2. The unsecured creditors holding the 20 largest claims in each case, or, if a committee of unsecured creditors is formed in these cases, to the committee or to any counsel employed by the committee;
3. Secured creditors or their counsel; and
4. All parties who file and serve requests for special notice in these cases.

Notwithstanding the foregoing, Debtors will serve on all creditors, notice of certain proceedings in the case which affect the interests of all creditors and equity holders, as described herein.

This Motion is made and based upon the Memorandum of Points and Authorities and the Declaration of John D. Gantes ("Gantes Declaration") filed concurrently herewith, all pleadings, papers and records on file with this Court, and upon such other evidence, oral or documentary, as may be presented to this Court at or prior to the hearing on the Motion, should a hearing be required.

1  WHEREFORE, Debtors pray that this Court enter an order limiting notice of the
2  matters described in Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure
3  to the creditors and parties-in-interest described hereinabove.

4  Dated: November 25, 2008

WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP

By: /s/ Reem Bello
REEM J. BELLO
Proposed Insolvency Counsel for
RSM BFS Partners, a California limited
partnership, Debtor and Debtor-in-
Possession

275798.1

3

EMERGENCY MOTION RE
LIMITING NOTICE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

### A. Background of Debtors

Debtors are affiliated with approximately 50 entities owning and operating approximately 110 restaurants throughout California, Washington, and Oregon, and 60 entities owning and operating various real properties from which many of the restaurants lease space. Approximately thirteen of these affiliated cases have already been filed with the Court.

Debtors operate Burger King franchises in California and together have approximately 14 locations. Specifically, they operate the following locations:

  a. Breckenridge Food Systems, Inc., operates locations in Irvine, Santa Ana, Aliso Viejo, Ladera Ranch, Orange, and two locations in Newport Beach.
  b. River King, L.P., operates six Burger Kings in the Inland Empire and River King, LLC, is its general partner; and
  c. RSM BFS Partners, a California limited partnership, operates a location in Rancho Santa Margarita.

Debtors have experienced declines in their revenue because of the current economic climate and have fallen behind on various debts, including royalty payments to Burger King Corporation, which has issued notices of default to various of the Debtors. To prevent termination of the franchise agreements, Debtors require some breathing room from pre-petition creditors while they reorganize, closing unprofitable stores as necessary, and rebuild themselves into viable businesses through the reorganization process. Attached as Exhibit "1" to the Gantes Declaration are corporate organization charts that illustrate graphically the ownership relationship of Debtors.

### B. The Need for Limited Notice

Debtors have approximately 300+ creditors, respectively. Some of the motions and applications that may be filed in Debtors' cases will involve matters that ordinarily fall

within the parameters of notices required to be given to all creditors in Debtors' cases, but which will not affect directly, or impact the interests of, a majority of creditors. Debtors contend that providing notice to all such parties would be overly burdensome and costly to their estates.

### C. Debtors' Proposed Limited Notice Procedures

Debtors believe that limiting notice to the U.S. Trustee, the secured and twenty largest unsecured creditors and investors, and to all parties who request special notice in Debtors' Chapter 11 cases, would provide adequate and proper notice to affected creditors and to other interested parties. Additionally, Debtors will provide notice to any party whose interest is impacted directly by a particular action or proceeding filed by Debtors.

Notwithstanding Debtors' proposed procedures for limiting of notice in Debtors' cases, Debtors will provide to all creditors notice of the following matters:

1. the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement;
2. the time fixed for filing objections to, and the hearing to consider confirmation of, a plan;
3. any time fixed for filing objections to, and any hearing to consider, a proposed sale of all or substantially all assets of the estate;
4. notices with respect to claims bar dates; and
5. any time fixed for filing objections to, and any hearing on, a dismissal of the cases.

Debtors believe that adoption of this proposed notice procedure, after notice and the opportunity for a hearing, is necessary and appropriate. Such notice procedure will relieve Debtors of the significant administrative burdens that would be associated with periodic "mass mailings," and would reduce substantially Debtors' postage and reproduction costs, thereby facilitating significantly the economical and efficient administration of Debtors' cases. Any entity whose interest is affected by any action or

1  proceeding filed by Debtors will receive proper notice thereof. Moreover, any entity that is
2  sufficiently interested in the proceedings in Debtors' cases may, by written request for
3  special notice, receive all notices of such proceedings.

4  II.    **RULES 2002 AND 9007 OF THE FEDERAL RULES OF BANKRUPTCY**
5          **PROCEDURE EMPOWERS THE COURT TO REGULATE NOTICES**

6          Rule 2002 of the Federal Rules of Bankruptcy Procedure provides, in pertinent
7  part, as follows:

8          The Court may from time to time enter orders designating the matters in respect to
9  which, the entity to whom, and the form and manner in which notices shall be sent except
10 as otherwise provided by these rules.
11 Fed. R. Bankr. P. 2002(m).

12         Rule 9007 of the Federal Rules of Bankruptcy Procedure provides:
13         When notice is to be given under these rules, the court shall designate, if not
14 otherwise specified herein, the time within which, the entities to whom, and the form and
15 manner in which the notice shall be given. When feasible, the court may order any
16 notices under these rules to be combined.
17 Fed. R. Bankr. P. 9007.

18         Pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure,
19 this Court has the authority to limit the manner of service of notice in Debtors' cases.

20 III.   **GOOD CAUSE EXISTS TO LIMIT NOTICE IN THIS CASE**

21         Debtors believe that an order authorizing the limiting of service of those notices set
22 forth in Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure will ultimately
23 benefit the creditors of Debtors' estates by saving for the estates undue postage and
24 photocopying expenses and by eliminating the administrative burdens, which would be
25 associated with Debtors having to serve all notices in Debtors' cases on the substantial
26 number of creditors in these cases.

27         Debtors have served notice of this Motion on all known creditors, employees and
28 equity holders of Debtors' estates, and on the U.S. Trustee.

275798.1

## IV. THIS MOTION MAY BE CONSIDERED WITHOUT A HEARING

Pursuant to Local Bankruptcy Rule 9013 1(g)(1), matters may be determined on notice and opportunity to request a hearing where the court determines that such a procedure is appropriate given the facts of the case. In these cases, Debtors each have more than 300+ creditors, respectively. In an effort to minimize the administrative expenses in these cases, Debtors believe that good cause exists to hear this matter without a hearing. All creditors will be served a copy of this motion, and all such parties will have an opportunity to object and request a hearing. Accordingly, Debtors believe that the Court has authority to consider this motion without a hearing.

## V. CONCLUSION

Based on the foregoing, Debtors respectfully request that the Court grant the relief requested herein, and such other and further relief as the Court may deem just and proper.

Dated: November 25, 2008

WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLC

By: /s/ Reem Bello
REEM J. BELLO
Proposed Insolvency Counsel for
RSM BFS Partners, a California limited
partnership, Debtor and Debtor-in-
Possession